[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13350
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 97-00074-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 21, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Clarence Clark appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction.  Upon review, we affirm.

Clark was charged with conspiracy to possess with intent to distribute crack, possession with intent to distribute cocaine, and aiding and abetting the distribution of crack. The government filed notice of its intent to seek enhanced penalties under 21 U.S.C. §§ 841(b)(1) and 851. After a jury trial, Clark was convicted and sentenced to life imprisonment based on the presentence investigation report ("PSI") and the guidelines calculations.

On direct appeal, this court concluded that the sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the judge, rather than the jury, had determined the amount of drugs involved in the offenses. Therefore, because the life sentence exceeded the maximum allowed under § 841(b)(1)(C), the court vacated and remanded for resentencing. The probation officer did not prepare a corrected PSI before resentencing. At resentencing in 2002, the district court reduced the sentence to the statutory maximum of thirty years' imprisonment under § 841(b)(1)(C). This court affirmed the amended sentence.

In 2008, Clark filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c), alleging that Amendment 706 would have reduced his guidelines range. The district court appointed counsel, who then filed a motion to withdraw as counsel. Upon consideration, the court denied the § 3582(c) motion, granted counsel's motion to withdraw, and affirmed the sentence imposed. This appeal

followed.

Clark argues that, because his original sentence was vacated for violating *Apprendi*, the district court improperly relied on the guideline calculations set forth in his original PSI when determining whether he was eligible for a sentence reduction. He also contends that the district court failed to (1) calculate his original and amended base offense levels and guideline ranges, (2) consider the 18 U.S.C. § 3553(a) sentencing factors, and (3) explain its reasons for denying a sentence reduction.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission," and thus is not authorized under § 3582(c)(2), if the retroactive

3

amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). "Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a). Under § 841(b)(1)(C), the statutory maximum sentence is thirty years' imprisonment. 21 U.S.C. § 841(b)(1)(C).

Here, the district court properly denied Clark's § 3582(c) motion because Amendment 706 did not reduce Clark's guideline sentencing range and, therefore, Clark was not eligible for a sentence reduction. Although the government concedes that Clark's offense level was determined under U.S.S.G. § 2D1.1, it explains that the total offense level was 46,[1] and the 2-level reduction under Amendment 706 would only reduce his level to 44, leaving his guidelines range unchanged and the statutory maximum under § 841(b)(1)(C) still applicable.

Moreover, Clark's arguments challenging his original sentencing calculations may not be raised in the present action, because § 3582(c)(2) proceedings do not constitute *de novo* resentencings. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Finally, because Clark was not eligible for a

---

[1] In its statement of reasons at sentencing, the district court indicated the offense level was 43. Clark concedes on appeal that it was 46. Even if the level was 43, Clark would not be entitled to relief under § 3582(c) because his sentencing range would be thirty years.

4

§ 3582(c) sentence reduction, the court was not required to consider the 18 U.S.C. § 3553(a) sentencing factors, and any error in failing to calculate Clark's amended base offense level and guideline range was harmless. Accordingly, we affirm the district court's denial of Clark's § 3582 motion.

**AFFIRMED.**