[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12638
Non-Argument Calendar

_____

D.C. Docket No. 5:97-cr-00074-CAR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 4, 2014)

Before TJOFLAT, JORDAN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Clarence Clark, proceeding *pro se*, appeals the district court's denial of his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). After review of the record and the parties' briefs, we affirm.

# I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

In 1999, Mr. Clark was convicted of conspiracy to possess crack cocaine with intent to distribute, possession of crack cocaine with intent to distribute, and aiding and abetting the distribution of crack cocaine. The pre-sentence investigation report indicated that Mr. Clark's total offense level was 43 based on a prior state court felony drug conviction, the quantity of cocaine base (1.5 or more kilograms), as well as an adjustment for possession of a dangerous weapon, use of a minor to commit a crime, and organizing or leading the criminal activity at issue. Consistent with the pre-sentence investigation report's advisory guidelines calculation, the district court sentenced Mr. Clark to life imprisonment.

On direct appeal, we held that Mr. Clark's sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as the district court, rather than the jury, had determined the quantity of drugs involved in the offenses. Because the life sentence exceeded the 30-year maximum sentence that could have been imposed absent that finding, we vacated the sentence and remanded for resentencing. On remand, the district court reduced the sentence to 360 months' imprisonment. Mr. Clark appealed his new sentence, but we affirmed in 2002.

In November of 2011, following the denial of a § 3582(c)(2) motion on the basis of Amendment 706 to the advisory Guidelines,[1] Mr. Clark again moved for a sentence reduction, this time based on Amendment 750 and the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2374 (2010). Mr. Clark argued that Amendment 750 reduced his guideline range, entitling him to a sentence reduction. He also challenged the district court's original sentencing calculations. The district court denied the motion, and this appeal followed.

## II

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3528(c)(2), a district court may reduce the terms of a defendant's imprisonment if the sentence was based on a sentencing range that the Sentencing Commission has subsequently lowered. If, however, "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

The district court correctly concluded that neither Amendment 750 nor § 3582(c)(2) empowered it to reduce Mr. Clark's sentence. Although, as the

---

[1] *See United States v. Clark*, 362 F. App'x 74 (11th Cir. 2010) (*per curiam*).

government acknowledges, Amendment 750 reduced Mr. Clark's initial base offense level - predicated on 1.5 kilograms of attributable crack cocaine - from 38 to 34 and his total offense level from 43 to 42, it did not lower the ultimate sentencing range on which the district court based his sentence. Under his new total offense level and a criminal history category of III, Mr. Clark would be eligible for a range of 360 months to life imprisonment. But 360 months' imprisonment was the sentence Mr. Clark received on remand. Because Amendment 750 did not lower the sentencing range on which Mr. Clark's sentence was based, he was not entitled to relief.  See *Moore*, 541 F.3d at 1330.

Nor did § 3582(c)(2) empower Mr. Clark to challenge the district court's original sentencing calculations *de novo*. *See Dillon v. United States*, 130 S.Ct. 2683, 2691 (2009) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."). The district court's findings of fact underlying its original advisory Guidelines calculation are therefore not subject to reconsideration under § 3582(c)(2).

Mr. Clark's claim for relief under the Fair Sentencing Act is similarly foreclosed by our precedent. In *United States v. Berry,* 701 F.3d 374, 377 (11th Cir. 2012), we held that the Fair Sentencing Act is not a guidelines amendment by the Sentencing Commission and therefore cannot be the basis for a sentence

4

reduction under § 3582(c)(2). Mr. Clark, moreover, was sentenced before the effective date of the FSA, which is not retroactively applicable to him. *See id.* ("We agree with every other circuit to address the issue that there is 'no evidence that Congress intended [the FSA] to apply to defendants who had been sentenced prior to the August 3, 2010 date of the Act's enactment.'") (citation omitted).

### III

The district court's denial of Mr. Clark's § 3582(c)(2) motion is affirmed.[2]

**AFFIRMED**.

---

[2] Because Mr. Clark is ineligible for resentencing, we need not address his argument that the district court should consider the 18 U.S.C. § 3553(a) factors on remand.